MICHAEL B. HORROW (SBN 162917)
SCOTT E. CALVERT (SBN 210787)
DONAHUE & HORROW, LLP
1960 E. Grand Avenue, Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: scalvert@donahuehorrow.com

Attorneys for Plaintiff STEVEN ROSENTHAL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| STEVEN ROSENTHAL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; LINEAGE LOGISTICS HOLDINGS, LLC LONG-TERM DISABILITY PLAN<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN** |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*. ("ERISA") as it involves a claim by Plaintiff for long-term disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331, as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice so require.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff STEVEN ROSENTHAL ("Plaintiff" or "Mr. Rosenthal") is a resident of Riverside County and citizen of the State of California, and at all relevant times was an employee of Lineage Logistics Holdings, LLC ("Lineage") and a participant in its employee benefit plan, identified below.

5. Plaintiff alleges upon information and belief that Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum") is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Maine, and is authorized to transact and is transacting the business of insurance in this state.

6. Plaintiff is informed and believes and thereon alleges that Defendant, LINEAGE LOGISTICS HOLDINGS, LLC LONG-TERM DISABILITY PLAN ("Plan") is an employee welfare benefit plan established and maintained by Lineage to provide its employees with monthly long-term disability ("LTD") income insurance protection, and, is the Plan Administrator.

7. Unum issued Group Policy Number 472955 to Lineage and the eligible participants and beneficiaries of the Plan, including Plaintiff.

8. The Plan divides participants into separate groups, identified as Groups 1 and 2. By virtue of the nature of his employment as a hourly Commercial Driver, Mr. Rosenthal is part of Group 2.

9. For participants in Group 2, the Plan provides a gross disability benefit of sixty percent (60%) of Plaintiff's monthly earnings, to a maximum benefits of $5,000 per month, following an 180-day Elimination Period.

10. Under the terms of the Plan, for the first 24 months of a participant's disability, "disability" is defined, in pertinent part, as:

> You are disabled when Unum determines that:
> 
> - you are **limited** from performing **the material and substantial duties** of your **regular occupation** due to your **sickness** or **injury;** and
> - you have a 20% or more loss in your **indexed** monthly earnings due to the same. (Emphasis in original, identifying defined terms.)

11. The definition of "disability" changes after a participant, such as Mr. Rosenthal is disabled for 24 months. Specifically, the Plan states, in pertinent part, that:

> After 24 months of payments, you are **disabled** when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience. (Emphasis in original, identifying defined terms.)

12. Based on this age at the time of his disability, and the limitations imposed on participants in Group 2, the Plan promised benefits to Mr. Rosenthal for a maximum of 36 months.

13. Prior to his disability, Mr. Rosenthal was a Commercial Driver for Lineage.

14. On or about September 10, 2020, Plaintiff became "Disabled" as defined by the Plan due to right retinal detachment, and other conditions.

15. Plaintiff filed a claim for LTD benefits, which was supported by his treating physicians.

16. After considering the medical evidence Plaintiff offered to support his LTD claim, Unum informed him, by letter dated March 18, 2021, that it approved his claim for LTD benefits.

17. Over the next two year, Plaintiff provided Unum with updated medical records, supporting his claim and confirming that he remained disabled and unable to return to work. Accordingly, Unum approved and paid his LTD claim for 24 months, *i.e.*, from March 9, 2021 to March 8, 2023.

18. During this time, Plaintiff applied for and was awarded Social Security Disability Insurance benefits, after the Social Security Administration determined that he was unable to engage in "any substantial gainful activity." Additionally, Plaintiff's treating physicians continued to support his assertion that his co-morbid conditions prevented him from returning to work.

19. Despite this evidence, by letter dated March 31, 2023, Unum informed Plaintiff that it was denying his ongoing claim for LTD benefits as of March 8, 2023.

20. In the letter, Unum explained that while it agreed that the problems associated with his diagnosis of right retinal detachment prevented him from working as a Commercial Driver, under the terms of the Plan, after 24 months, Plaintiff was required to demonstrate that he was "unable to perform the duties of any gainful occupation for which [he is] reasonably fitted by education, training or experience."

21. Unum then stated that because Plaintiff had some vision in his right eye, and no vision loss in his left eye, he could work a variety of sedentary jobs that would pay him at least 60% of his indexed pre-disability monthly earnings. These jobs included Monitor Surveillance System, Order Clerk – Food and Beverage and Routing Clerk. Unum provided no evidence that Plaintiff could actually perform these jobs or,

importantly, that there with employers offering these jobs who were willing to hire Mr. Rosenthal.

22. Given his co-morbid medical conditions and his age, Plaintiff and his treating physicians disagreed with Unum's contention that he could return to work. Accordingly, he appealed Unum's claim denial decision by letter dated May 25, 2023. This request was timely under the terms of ERISA and the Plan.

23. In the appeal letter Plaintiff explained that Unum failed to consider all of his medical conditions that contributed to his inability to continue working, including, but not limited to, limited vision, chronic low back pain, weakness and numbness in his right foot, caused and/or contributed to by his diagnoses of lumbar radiculopathy and lumbar spondylosis, chronic hepatitis C and genitourinary problems.

24. Plaintiff also noted that Unum failed to obtain information from his treating physicians, including Suri Narayan Appa, M.D., Tony Duc Do, D.O., and Joel Anthony Moradkhani, M.D., each of whom supported his claim. Accordingly, he provided Unum with updated medical records and narratives from each of the physicians, all of whom supported his claim and assertion that Plaintiff was "unable to perform the duties of any gainful occupation."

25. By letter dated October 23, 2023, Unum denied Plaintiff's appeal and affirmed the prior denial. In the letter, Unum admitted that it failed to obtain his Social Security Disability Benefits file (yet was perfectly happy to offset this SSDI benefits, during the time period that it was paying his claim, so that it could pay him less than his basic monthly benefit). Unum also informed Plaintiff that he exhausted his administrative remedies under the Plan, and could file an ERISA lawsuit, asking the Court to properly enforce the terms of the Plan and award him further LTD benefits.

26. As a direct and proximate result of Unum's failure to provide Plaintiff with LTD benefits after March 9, 2023, he has been deprived of said benefits from March 9, 2023 to the present.

COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN

27.  As a further direct and proximate result of the denial of benefits, Plaintiff has been required to incur attorneys' fees to pursue this action and is entitled to have such fees paid by Defendants pursuant to 29 U.S.C. § 1132(g) (1), ERISA § 502(g) (1).

28.  A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan.  Plaintiff seeks the declaration of this Court that he meets the Plan definition of disability and thus he is entitled to past due disability benefits under the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1.  An award of disability benefits from March 9, 2023 to the date of judgment;

2.  For reasonable attorneys' and costs fees incurred in this action; and

3.  For such other and further relief as the Court deems just and proper.

Dated: December 7, 2023

DONAHUE & HORROW, LLP

MICHAEL B. HORROW
SCOTT E. CALVERT
*Attorneys for Plaintiff Steven Rosenthal*

COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN